# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE of WASHINGTON, | ) | No. 72407-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KEITH E. KAYSER, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 25, 2016 |

2016 APR 25 AM 8:35

COURT OF APPEALS DIV I
STATE OF WASHINGTON

FILED

TRICKEY, J. — Evidence of a defendant's prior bad acts is admissible to prove the defendant's knowledge. Here, the State charged Keith Kayser with possession of child pornography. Kayser claimed that he did not know the people in the child pornography were actually minors. The court admitted evidence from a forensic analysis of Kayser's computer, which showed that Kayser had viewed photographs of child erotica and that his Internet search terms and browsing history were suggestive of child pornography. We conclude that Kayser's Internet search terms and browsing history were relevant to prove his knowledge. We also conclude that admitting the child erotica was harmless error. Because Kayser's other contentions are without merit, we affirm.

## FACTS

The Everett Police Department received a cyber-tip from the National Center for Missing and Exploited Children (NCMEC) that someone, identified by an e-mail address and Internet Protocol (IP) address, had uploaded four images suspected to be depictions of minors engaged in sexually explicit conduct. The police traced the IP address and e-mail address to Kayser and obtained a warrant to search his home for evidence associated with possessing child pornography.

The Everett Police Department's Special Assault Unit executed the search warrant on September 8, 2011. In addition to numerous other items, the police seized a Toshiba laptop computer, a USB thumb drive that was plugged into the laptop computer, an iPod, and a compact disc.

A forensic analysis of those four items revealed that each contained suspected child pornography, including the four images that prompted the investigation. Additionally, the laptop computer and other items contained many images of minors, or suspected minors, that were sexually suggestive but not sexually explicit. We, like the trial court and the parties, refer to these images as child erotica. The analysis also uncovered Internet search terms and browsing history that were suggestive of child pornography. The analyst labeled each image, website visited, and string of searches as a numbered "bookmark."[1]

The State charged Kayser with two counts of possession of depictions of a minor engaged in sexually explicit conduct (child pornography) in the first degree, and one count of possession of child pornography in the second degree. The offense requires that the defendant "knowingly" possess the child pornography. RCW 9.68A.070(1)(a).

The case proceeded to a jury trial. At trial, the court admitted a limited number of the bookmarks that contained child erotica, Internet search terms, and browsing history.

The jury convicted Kayser on all counts. Kayser appeals.

---

[1] Report of Proceedings (RP) (June 25, 2014) at 104-06.

ANALYSIS

Admission of Evidence of Other Acts

Kayser argues that the court improperly admitted evidence of his Internet search terms and browsing history and photographs of child erotica under ER 404(b). Specifically, he contends that the trial court relied on a theory that is akin to propensity, applied the wrong standard for determining admissibility, and unreasonably weighed the prejudicial effect of the evidence versus its probative value. We disagree with all of these arguments.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . knowledge." ER 404(b). Before admitting evidence of other wrongs, the trial court must

> (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.

State v. Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

We review evidentiary decisions for an abuse of discretion. State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). A court abuses its discretion if the decision is manifestly unreasonable or based on untenable grounds or reasons. Thang, 145 Wn.2d at 642.

Here, the trial court admitted several of the bookmarks found on Kayser's laptop computer. It admitted Google and Bing search history, browsing history, and photographs of child erotica. The search terms included "child porn," "nude

girls preteen," "naked young girls on beach," "little girls give daddy hand job," and "forbidben pornb [sic]."[2] The websites visited included "nudeyounggirls.net," "sexyyoungporn.com," and "bangmeharddaddy.com."[3] The child erotica was primarily images of teen or preteen girls posing suggestively, wearing nothing or only their underwear.

The trial court concluded that this evidence was relevant to Kayser's knowledge. And it determined that the probative value of the evidence "[s]ubstantially outweighed" the danger of unfair prejudice.[4] The court limited the number of child erotica images admitted and excluded Internet search terms that did not suggest a search for child pornography.

*Internet Search Terms and Browsing History*

The trial court did not abuse its discretion when it admitted the Internet search terms and browsing history. This evidence was relevant to prove Kayser's knowledge that the child pornography was on his computer. Kayser presented evidence at trial that he did not know the images were on his computer.[5] His expert testified that Kayser's computer could have automatically downloaded some of the images into temporary files without his knowledge. Given Kayser's defense, his Internet search terms and browsing history were relevant to rebut his claim that he unwittingly accessed these images.

---

[2] Exhibit (Ex.) 10 at 103-04.
[3] Ex. 10 at 74, 75, and 77.
[4] RP (June 23, 2014) at 75.
[5] Kayser ultimately focused his defense on the idea that he did not know the minors in the child pornography were really minors, but presented evidence to support a claim that someone else had been looking at child pornography on his computer and refused to concede that he "knew these photos or anything were on his computer." RP (Jun. 23, 2014) at 71.

4

Kayser also filed a "Notice of Defense" before trial, informing the State that he would argue that he had no reason to know the individuals in the images were actually minors.[6] To support that argument, Kayser's expert testified that some of the child pornography websites from which Kayser viewed the child pornography contained statements claiming that the sites complied with federal law, meaning that the images depicted only adults.

Kayser's Internet search terms and browsing history suggests that he did not limit his search to sites with these legal compliance statements. Instead, his search terms demonstrate that he was seeking all types of child pornography. Thus, Kayser's Internet search terms and browsing history were also relevant to rebut the defense that he did not know that that the child pornography he possessed depicted real minors.

Moreover, as the trial court properly concluded, the probative value of this evidence outweighed its prejudicial effect. Kayser argues that the sheer volume of admitted prejudicial bookmarks was overwhelming and likely to prevent the jury from fairly determining the facts. But the court already lessened the prejudicial effect of the evidence by excluding irrelevant Internet search terms and browsing history.

Kayser argues that because there was no evidence that he obtained any of the child pornography from any of the admitted websites or through any of the admitted searches, his Internet search terms and browsing history are irrelevant to his knowledge that those specific images were truly child pornography. Instead,

---

[6] CP at 149 (capitalization omitted).

he argues, the real purpose of the evidence was to show his propensity to view child pornography. But Kayser's search terms and browsing history show that he was searching for child pornography. Even absent evidence tying this activity directly to specific images, the evidence is relevant to his knowledge that he possessed child pornography.

Kayser bases his next two arguments on the fact that the State offered, and the court considered, the case United States v. Tanguay, 982 F. Supp. 2d 119, 122 (Dist. N.H. 2013). First, Kayser contends that the court here, like the court in Tanguay, relied on a theory of admissibility known as "the doctrine of chances." 982 F. Supp.2d at 122. Kayser alleges this would have been improper because that doctrine "operates purely as a doctrine of propensity."[7] But there is no evidence in this record that the trial court relied on the doctrine of chances.[8] Accordingly, we reject this argument.

Second, Kayser argues that, because the court considered Tanguay, it admitted the evidence under a less demanding test followed in that case. We disagree. The court explicitly identified the purpose of the evidence and decided that its probative value outweighed the prejudicial effect. In short, the record shows that the court considered all the factors in Thang.

*Child Erotica*

In contrast to the Internet search terms and browsing history, we conclude that the probative value of the child erotica is outweighed by its prejudicial effect.

---

[7] Br. of Appellant at 13.
[8] The State cited to a case that relied on the doctrine of chances several times during the pretrial motions. But neither the State nor the trial court ever mentioned the doctrine of chances. RP (Jun. 23, 2014) at 38, 74, and 81.

In its brief to this court, the State argued that all three categories of this evidence (child erotica, search terms, and browsing history) were relevant to knowledge because "'[i]f [Kayser] is going out and looking for it, he clearly has knowledge that he's possessing it as well.'"[9] This argument does not apply to possessing child erotica. At oral argument, the State suggested the images of child erotica were relevant to Kayser's knowledge that the images were of real minors because they showed his familiarity with this subject. The probative value of evidence that Kayser should have known what children look like is low. It does not outweigh the risk of prejudice. Admitting the child erotica for the purpose of proving knowledge was error. But it was harmless error.

A non-constitutional evidentiary error is harmless "if the evidence is of minor significance compared to the overall evidence." State v. Everybodytalksabout, 145 Wn.2d 456, 469, 39 P.3d 294 (2002). We reverse only when there is a reasonable probability that the outcome of the trial would have been materially different without the improperly admitted evidence. State v. Bourgeois, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997).

Here, there is not a reasonable probability that the outcome of the trial would have been different if the child erotica had been excluded, given the nature of Kayser's defense and the evidence presented at trial. Kayser admitted his sexual attraction to underage females as part of his defense that he thought he possessed sexually explicit images of adults *appearing* to be children.

Therefore, showing the jury Kayser's legal images of underage females was

---

[9] Br. of Resp't at 14 (quoting RP (June 23, 2014) at 35).

not overly prejudicial because it was consistent with his defense. Moreover, the trial court reduced the impact of the child erotica by limiting the number of images the State presented to the jury and instructing the jury to consider the images only to evaluate Kayser's knowledge. Finally, the evidence of Kayser's guilt was compelling. Kayser admitted, during questioning by the police, to having viewed child pornography on the laptop computer he owned. He acknowledged that the websites he visited, despite advertising that everyone pictured is over 18 years old, might have some images of real minors.

In short, the trial court did not err in admitting evidence of Kayser's Internet search terms and browsing history, and the error in admitting child erotica was harmless.

Kayser also argues that admission of all this evidence burdens his First Amendment rights because the evidence implicates constitutionally protected behavior. He is mistaken. The search terms, browsing history, and child erotica may be evidence of constitutionally protected behavior, but admission of this evidence does not transform this evidentiary claim into a constitutional one. When evidence is otherwise admissible, the constitutional implications of the evidence do not prohibit its use. State v. Hoffman, 116 Wn.2d 51, 92, 804 P.2d 577 (1991); see also State v. Luther, 157 Wn.2d 63, 75-76, 134 P.3d 205 (2006) (holding that admission of sexually suggestive images, possessed by the defendant, was permissible because it was relevant to the defendant's intent to attempt to possess child pornography).

## Jury Instruction

Kayser contends the court abused its discretion by refusing to give his proposed jury instruction on the First Amendment. He asserts that the court's refusal denied him the opportunity to present a defense. Because Kayser's instruction misstated the law and because Kayser was able to argue his theory of the case without it, we disagree.

"Due process requires that jury instructions (1) allow the parties to argue all theories of their respective cases supported by sufficient evidence, (2) fully instruct the jury on the defense theory, (3) inform the jury of the applicable law, and (4) give the jury discretion to decide questions of fact." State v. Koch, 157 Wn. App. 20, 33, 237 P.3d 287 (2010). But, "[a] trial court is not required to give an instruction which is erroneous in any respect." Hoffman, 116 Wn.2d at 110-11 (footnotes omitted). When presented with an erroneous instruction, "[i]t is not incumbent upon the trial court to rewrite an incorrect statement of the law." State v. Camp, 67 Wn.2d 363, 369, 407 P.2d 824 (1965).

We review a trial court's refusal to give a jury instruction for an abuse of discretion. State v. Stacy, 181 Wn. App. 553, 569, 326 P.3d 136, review denied, 335 P.3d 940 (2014).

Kayser's requested instruction reads, "The First Amendment to the United States Constitution protects possession of material depicting a person who 'appears to be' 'a minor engaging in sexually explicit conduct.'"[10] The court

---

[10] CP at 80 (quoting Ashcroft v. Free Speech Coalition, 535 U.S. 234, 241, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002)).

rejected it as not "a proper instruction."[11]

Contrary to Kayser's claim, his instruction was not an accurate statement of the holding in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 241, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002). As written, the proposed instruction claims First Amendment protections for *all* depictions that appear to include minors engaged in sexually explicit conduct, including depictions that *are* minors engaged in sexually explicit conduct. Ashcroft sanctions possession only of depictions that appear to be of minors, but are *not actually* depictions of minors. 535 U.S. at 241. Thus, Kayser's instruction misstated the law.

Kayser compares the rejection of his instruction to the trial court's rejection of a defendant's instruction in Koch. 157 Wn. App. at 35. There, the trial court refused to instruct the jury on the defendant's theory of the case because it believed that the proposed instruction was an incomplete statement of a complex area of the law. Koch, 157 Wn. App. at 35. The Court of Appeals disagreed, holding that the "proposed instruction was sufficiently complete and as correct as possible." Koch, 157 Wn. App. at 35. Kayser's instruction, on the other hand, was not correct.

Kayser also claims he needed this instruction to argue his theory of the case. But Kayser forcefully argued his theory of the case under the instructions given. Defense counsel began closing argument with a quote from Noam Chomsky about freedom of speech and then explained to the jury: "It's not illegal to possess pictures that may look like they're minors if they're not actually

---

[11] RP (June 27, 2014) at 26.

10

minors."[12]

Finally, Kayser argues that the jury instruction was necessary to reduce the potential for prejudice created by the admission of Kayser's Internet history and child erotica. He compares his instruction to the one used in <u>Tanguay</u>. There, the instruction identified specific evidence admitted under ER 404(b) and advised jury members they were not to use that evidence against the defendant because they disapproved of the evidence or "'as a basis to conclude that the defendant is the kind of person who is more likely to unlawfully possess child pornography.'" <u>Tanguay</u>, 982 F. Supp. 2d at 127. In contrast, Kayser's instruction did not specify the evidence to which it referred and contained no instruction about how to use the evidence.

We affirm the judgment and sentence.

Trickey, J

WE CONCUR:

---

[12] RP (June 27, 2014) at 59.